IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA A. JONES | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 04-85 |
| CITY OF PHILADELPHIA, | : | |
| ET AL. | : | |

**SURRICK, J.**                                                                                    **MARCH 28, 2006**

## MEMORANDUM & ORDER

Presently before the Court is Defendants City of Philadelphia, James Muller, Robert Fox,

and John Grubb's Motion To Dismiss Plaintiff's Complaint With Prejudice (Doc. No. 6).  For

the following reasons, Defendants' Motion will be granted in part and denied in part.

## I.        BACKGROUND

Plaintiff Patricia A. Jones, a black female, was employed by the City of Philadelphia

("the City") from 1978 to 2001.  (Doc. No. 3 ¶¶ 10, 13.)  As of 1994, following a reorganization

of certain City departments, Plaintiff occupied the position of Data Operations Supervisor of the

Office of Fleet Management.  (*Id.* ¶¶ 15, 17.)  In this role, Plaintiff and three others managed the

City's first automated fuel system.  Approximately one year after the reorganization, Defendant

Grubb, an Automotive Group Leader, became the Manager of the Fuel Tracking System.  (*Id.* ¶¶

16-17.)  Grubb was then appointed "Director of Computer Operations," despite lacking the

requisite education and experience for that position.  (*Id.* ¶ 19.)  Plaintiff alleges that the title

"Director of Computer Operations" was "created" by the City so that Grubb could acquire the

necessary credentials to be promoted to "Fleet Manager" without competition.  Plaintiff also

contends that the City sought to give Grubb an "unfair advantage" over Plaintiff, due to her race

and gender.  (*Id.* ¶ 20.)

Grubb assumed responsibility for the operations of this new fuel system.  He and another

employee, Mike Stein, were provided training on the operation of the City's new computerized

fuel system, while Plaintiff was required to continue working on the old system.  Plaintiff claims

that only white male employees were provided with this training.  (*Id.* ¶¶ 22, 27.)  Plaintiff

contends that because she did not receive the training, she failed to receive an equal opportunity

to be promoted within her department.  (*Id.* ¶ 25.)  She also asserts that she was made to perform

humiliating tasks, such as cleaning computers, and that these responsibilities were not

commensurate with her level of education and experience.  (*Id.* ¶ 26.)  Plaintiff contends that "an

unlawful discriminatory ceiling [was placed on her] opportunities and rates of pay . . . because of

her race and gender."  (*Id.* ¶ 28.)

On July 26, 2000, Plaintiff filed a charge with the Equal Employment Opportunity

Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").  (Doc.

No. 7 at 1.)  Plaintiff claims that after filing this charge, Defendants City and Grubb retaliated

against her by rating her job performance as "totally unsatisfactory," assigning her menial tasks,

denying her overtime, wrongfully accusing her of unjustified sick abuse violations, and

continuing to deny her technical training.  (Doc. No. 3 ¶¶ 33-34.)   Plaintiff filed a second charge,

claiming retaliation, in September 2001.  (Doc. No. 7 at 1.)  Around the same time, Defendant

City suspended Plaintiff with the intent to terminate her employment, claiming that she had

submitted a "fraudulent" sick note.  (Doc. No. 3 ¶ 10.)  The City offered not to pursue criminal

charges if Plaintiff agreed to apply for early retirement.  Plaintiff alleges that her resignation

amounted to a constructive discharge.  (*Id.* at ¶¶ 10-11.)

Plaintiff received a "right-to-sue letter" from the EEOC on November 4, 2003.  (Doc. No.

7 at Ex. 2.)  She attached this letter to her Motion to Proceed in Forma Pauperis and Request for

Appointment of Attorney, which she filed on January 7, 2004.  (Doc. No. 1.)  By Order dated

January 16, 2004, we denied Plaintiff's Motion to Proceed in Forma Pauperis and directed the

Clerk's Office to attempt to appoint counsel for Plaintiff.  (Doc. No. 2.)  On January 21, 2004,

Plaintiff paid the filing fee and her Complaint was filed.  (Doc. No. 7 at Ex. 3.)  Plaintiff filed a

second Complaint, identifying the same claims and parties, on July 15, 2004.  (Docket No. 00-

cv-330, Doc. No. 1.)  These two cases were later consolidated.  (Docket No. 00-cv-330, Doc. No.

2.)

By Order dated January 27, 2005, Marc S. Bragg, Esq. was appointed to represent

Plaintiff and was granted thirty days to file an amended complaint on Plaintiff's behalf.[1]  (Doc.

No. 5.)  Defendant City received a copy of the Amended Complaint on March 22, 2005.  (Doc.

No. 6 at 2.)  The Amended Complaint, which names only Defendants City and Grubb,[2] alleges

violations of Title VII of the Civil Rights Act (Count I), the Pennsylvania Human Relations Act

("PHRA") (Counts II and IV), and the Equal Pay Act (Count III).  (Doc. No. 3 ¶¶ 49-62.)

---

[1] An entry for Plaintiff's Amended Complaint does not appear on the electronic civil docket for this case.  A document entitled simply "Complaint," which was prepared by Bragg and which is dated February 18, 2005, appears in a docket entry dated January 21, 2004.  (Doc. No. 3.)  Since Bragg was not appointed to represent Plaintiff in this case until January 27, 2005 (Doc. No. 5), this filing date is clearly in error.  Document No. 3 is identical to the "Complaint" attached to Defendants' Motion to Dismiss (Doc. No. 7 at Ex. C).  We will presume that it is the "Amended Complaint" that Plaintiff's counsel was permitted to file and to which Plaintiff refers in her Response.  We will therefore refer to this Document No. 3 as Plaintiff's "Amended Complaint."

[2] In that the Amended Complaint makes no mention of Defendants Fox or Muller, Plaintiff's claims against these Defendants are dismissed.  *See In re Loewen Group Inc. Sec. Litig.*, Civ. A. No. 98-6740, 2003 U.S. Dist. LEXIS 15680, at *4 (E.D. Pa. July 15, 2003).

Defendants have moved to dismiss the Amended Complaint based on lack of subject matter jurisdiction, pursuant to Rule 12(b)(1); lack of personal jurisdiction, pursuant to Rule 12(b)(2); failure to timely or properly serve process, pursuant to Rules 12(b)(5) and 4(m); and failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).  (Doc. No. 6; Fed. R. Civ. P. 4(m), 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6).)

## II.   DISCUSSION

As a threshold matter, we will grant Plaintiff's request to amend the caption in this case. Plaintiff initially identified "City of Philadelphia, Department of Fleet Management" as a defendant in this matter.  (Doc. No. 1.)  The Office of Fleet Management, like all City departments, does not maintain a separate corporate existence.  Therefore, the City of Philadelphia is the appropriate party to this action.  53 Pa. Cons. Stat. § 16257; *see also Zamichieli v. Stott*, Civ. A. No. 96-0254, 1999 U.S. Dist. LEXIS 9705, at *8-9 (E.D. Pa. June 30, 1999) ("[A]ll suits . . . growing out of activities of a department of the City of Philadelphia must be brought in the name of the City of Philadelphia . . . .").  The caption will be amended accordingly.

### A.   Failure to Attach Right-to-Sue Letter from EEOC

Defendants first argue that Counts I, II, and IV of the Amended Complaint must be dismissed because Plaintiff failed to attach her EEOC right-to-sue letter to the Amended Complaint.  However, there is no such requirement.  (*Id.* at 4-5.)  Failure to attach an EEOC right-to-sue letter to a complaint is of no consequence as long as "Plaintiff has sufficiently established that [s]he received notice of h[er] right to sue from the [EEOC]" and commenced her

civil action within the prescribed statutory period. *Harley v. City of Phila.*, Civ. A. No. 01-6143, 2003 U.S. Dist. LEXIS 20191, at \*6 (E.D. Pa. Nov. 4, 2003).

Plaintiff attached a right-to-sue letter to her original filing. (Doc. No. 1.)  Evidently, Plaintiff neglected to attach the letter to the copy of the Amended Complaint served on Defendants on March 22, 2005.  However, the letter was also attached to the Response to the instant Motion to Dismiss. (Doc. No. 7 at Ex. 2.)  It is apparent that Plaintiff received notice of her right-to-sue.  After receiving the EEOC's notice on November 4, 2003, Plaintiff commenced this civil action on January 21, 2004.  She was well within the ninety-day limitations period.  42 U.S.C. § 2000e-5(f)(1).  Defendant's argument that the complaint must be dismissed for lack of a right-to-sue letter is without merit.

### B.        Failure to Timely Commence Action

Defendants also argue that Counts I, II, and IV of the Amended Complaint must be dismissed because Plaintiff failed to commence her federal civil action within ninety days of receiving notice of her right to sue. (Doc. No. 6 at 5-6.)  According to Defendants, although Plaintiff filed the action within the prescribed period, "she failed to effect service of a summons and complaint upon [them]" within ninety days. (*Id.* at 5.)  Providing no supporting statutory or legal authority, Defendants argue that these Counts should nonetheless be dismissed for failure to comply with 42 U.S.C. § 2000e-5(f)(1).  This argument is without merit.

The federal rules establish that "[a] civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  When a federal cause of action is involved, "the cases have uniformly held that an action is deemed commenced at the time the complaint is filed," regardless of when service is made. *Newberg v. Amer. Dryer Corp.*, 195 F. Supp. 345, 351 (E.D.

Pa. 1961) (citing 2 James Wm. Moore et al., *Moore's Federal Practice* 783 (2d ed. 1960)); *see also Fitzgerald v. Appolonia*, 323 F. Supp. 1269, 1270-71 (E.D. Pa. 1971) (statute of limitations does not bar action where "complaint was filed within the [limitations] period . . . but service was not made until four months after the period had run").

Plaintiff filed her civil complaint on January 21, 2004.  This is the date on which her federal civil action was commenced.  She received her right-to-sue letter seventy-seven days before that filing date.  Plaintiff's claim is not barred by the failure to serve Defendants within the ninety-day time period provided in 42 U.S.C. § 2000e-5(f)(1).

### C.      Failure to Timely and Properly Serve Defendants

Defendants seek dismissal of the Amended Complaint based on Plaintiff's failure to timely and properly serve Defendants.  (Doc. No. 6 at 6-10.)  Although this action commenced on January 21, 2004, Defendants were not served with any documents until March 20, 2005, when they were mailed a copy of the Amended Complaint.  (Doc. No. 6 at 10; Doc. No. 7 at 5.)  In addition, Defendants have never received any form of summons.  (Doc. No. 7 at 10.)

Rule 4(m) establishes the requirements with respect to service of process:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Where a plaintiff can show "good cause" for failing to properly serve the defendant within the time limit, the court is required to grant an extension of time for proper service.  *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).  If good cause

does not exist, "the court may in its discretion decide whether to dismiss the case without

prejudice or extend time for service." *Id.* The Advisory Committee Note to Rule 4(m) suggests

that: "Relief may be justified, for example, if the applicable statute of limitations would bar the

refiled action . . . . The district court should also take care to protect pro se plaintiffs from

consequences of confusion or delay attending the resolution of an in forma pauperis petition."

Fed. R. Civ. P. 4(m) Advisory Committee Notes, 1993 Amend.

In this case, there was good cause for the delay in service. Our Order of January 16, 2004

denied Plaintiff's Motion to Proceed in Forma Pauperis and informed Plaintiff, then acting pro

se, that the Clerk's Office would attempt to appoint counsel in this matter. (Doc. No. 2.)

Through no fault of Plaintiff, the process of securing counsel through the Clerk's Office proved

difficult and time consuming. Bragg was not appointed until January 27, 2005, more than a year

after the Complaint was filed and the Clerk's Office was directed to find counsel for Plaintiff.

(Doc. No. 5.) During this time, Plaintiff reasonably believed that she was entitled to wait for the

appointment of an attorney before serving the Complaint and summons. Had service been

effected, Plaintiff would have been faced with the task of undertaking this litigation without the

assistance of attorney. This is clearly not what the Court envisioned.

It is not apparent, however, why proper service was not made within a reasonable time

after Counsel was appointed. On March 20, 2005, a copy of the Amended Complaint was mailed

to Defendants but, without explanation, a copy of the summons was not included. Nevertheless,

since receipt of a copy of the complaint alone put Defendants on notice, we exercise our

discretion to extend the time to complete proper service. *See Marshall v. Park Plaza Condo.*

*Ass'n*, Civ. A. No. 98-2912, 1999 U.S. Dist. LEXIS 1226, at *7 (E.D. Pa. Jan. 29, 1999)

7

(granting extension in absence of good cause, since defendants "were put on notice of the action" where complaint was served without summons).   Plaintiff is directed to make proper service within twenty days.

### D.  Failure to Allege Prima Facie Case Under Equal Pay Act

Defendants next contend that Count III of Plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed to allege facts that support a prima facie claim under the Equal Pay Act ("EPA").  (Doc. No. 6 at 10-11.)  According to Defendants, Plaintiff has not alleged that her job with the City was "substantially equal" to that of Defendant Grubb or Mike Stein.  (*Id.* at 11.)

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or to decide the merits of the case.  *NWJ Prop. Mgmt., LLC v. BACC Builders, Inc.*, No. 04-1943, 2004 U.S. Dist. LEXIS 19039, at *3 (E.D. Pa. Sept. 17, 2004); *Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp. 2d 42, 53 (D. Del. 2002).  In evaluating a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the nonmoving party.  *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989) (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir.1985)).  The court may dismiss a complaint "'only if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Swin Res. Sys., Inc. v. Lycoming County*, 883 F.2d 245, 247 (3d Cir. 1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

In order to make out a prima facie case under the EPA, a plaintiff must allege that "an employer pays different wages to employees of opposite sexes for equal work on jobs the

performance of which requires equal skill, effort, and responsibility, and which are performed

under similar working conditions." *Dubowsky v. Stern*, 922 F. Supp. 985, 990 (D.N.J. 1996)

(quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)); *see also* 29 U.S.C. §

206(d)(1).  The party asserting a claim under the Act "must show that she and the male

comparator(s) were paid unequally for 'substantially equal' work, that is 'work of substantially

equal skill, effort, and responsibility, under similar working conditions." *Dubowsky*, 922 F. Supp.

at 990 (quoting *EEOC v. State of Del. Dep't of Health & Soc. Servs.*, 865 F.2d 1408, 1413-14 (3d

Cir. 1989).  "The test is not identity, but substantial equality of the jobs." *Usery v. Allegheny

County Inst. Dist.*, 544 F.2d 148, 153 n.4 (3d Cir. 1976).

In the context of a motion pursuant to Rule 12(b)(6), we are compelled to conclude that

Plaintiff has properly alleged a claim under the Equal Pay Act.  Plaintiff clearly alleges that

"Defendant City paid Plaintiff's white male counterparts higher wages despite the fact that the

employees were performing equal work on jobs requiring equal skill, effort, and responsibility;

and the jobs were performed under similar working conditions."  (Doc. No. 3 ¶ 40.)  She correctly

points out that this allegation does not specifically draw a comparison between her and either

Defendant Grubb or Mike Stein, who received training and promotions which Plaintiff was

denied.  (Doc. No. 7 at 7-8.)

However, we note that the EPA claim is not strongly supported by the operative facts in

the Amended Complaint.  Only one of the seven paragraphs cited by Plaintiff in her Response

provides support for this claim.[3]  The Response refers to Plaintiff's allegations that she was denied

---

[3] Plaintiff does allege that "white males within [her] department were routinely paid
higher amounts of compensation by designating them as temporary out of class employees" and
that she was denied "the opportunity and appointment to an out of class position."  (Doc. No. 3

training on the new fuel system, forced to continue working on the old system, delegated

humiliating tasks such as cleaning computers, and barred from undertaking responsibilities that

would qualify her to move from a trainee level to a full performance level.  (Doc. No. 3 ¶¶ 22, 26-

28.)  These statements necessarily indicate that Plaintiff's work was not "substantially equal" to

her male counterparts.  A claim for "discrimination . . . in the areas of responsibility and

promotion," which would seem to rise from these allegations, is not cognizable under the EPA.

*EEOC v. Hay Assocs.*, 545 F. Supp. 1064, 1083 n.22 (E.D. Pa. 1982); *see also Gaul v. ZEP Mfg*.

*Co.*, Civ. A. No. 03-2439, 2004 U.S. Dist. LEXIS 1989, at *12 n.5 (E.D. Pa. Jan. 30, 2004).

Nevertheless, we will permit Plaintiff's EPA claim to go forward through discovery.

### E.  Unavailability of Punitive Damages Against Defendant City

As a final matter, Defendants argue that punitive damages are not available against

Defendant City of Philadelphia as a remedy for any of Plaintiff's claims.  (Doc. No. 6 at 11-12.)

Plaintiff has agreed to strike her prayer for punitive damages against the City, but only as to the

Title VII claim in Count I.  (Doc. No. 7 at 7.)  Neither party disputes the fact that punitive

damages are not available as against a municipality under Title VII.  *See* 42 U.S.C. § 1981a(b)(1).

It is equally true that punitive damages are not authorized at all under the PHRA.  *See Hoy v.*

*Angelone*, 720 A.2d 745, 751 (Pa. 1998); *Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 570

n.3 (3d Cir. 2002).  Therefore, Plaintiff's requests for punitive damages will be stricken from

---

¶¶ 38-39.)  Such action may be cognizable under the EPA, if Plaintiff and her male counterparts
retained substantially equal jobs.  The EPA recognizes a "failure to promote" claim where
plaintiff's and male counterparts' responsibilities and working conditions remained unchanged,
but plaintiff was denied promotion to a higher salary grade.  *See Gaul v. ZEP Mfg. Co.*, Civ. A.
No. 03-2439, 2004 U.S. Dist. LEXIS 1989, at *12 n.5 (E.D. Pa. Jan. 30, 2004) (citing *Ellison v.*
*United States*, 25 Cl. Ct. 481 (Cl. Ct. 1992)).

Counts II and IV.  Moreover, the EPA "statutorily limits the availability of damages to those specifically provided by Congress."  *Neibauer v. Phila. College of Pharm. & Sci.*, Civ. A. No. 92-1993, 1992 U.S. Dist. LEXIS 9702, at *25 (E.D. Pa. June 19, 1992).  The relevant statutory provision, 29 U.S.C. § 216(b), authorizes an award of "liquidated" damages but has no provision for "punitive" damages.  Accordingly, Plaintiff's request for punitive damages will also be stricken from her claim in Count III.  *See Aucoin v. Kennedy*, 355 F. Supp. 2d 830, 841 (E.D. La. 2004); *Williams v. Camden County Youth Ctr.*, Civ. A. No. 85-2886, 1988 U.S. Dist. LEXIS 15919, at *8-9 (D.N.J. June 24, 1988); *Forsberg v. Pac. Nw. Bell Tele. Co.*, 623 F. Supp. 117, 125 (D. Or. 1985) (finding "no authority to support plaintiff's claim for punitive damages under the Equal Pay Act"), *aff'd on other grounds*, 840 F.2d 1409 (9th Cir. 1988).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA A. JONES          :
                           :          CIVIL ACTION
     v.                    :
                           :          NO. 04-85
CITY OF PHILADELPHIA,      :
ET AL.                     :

## ORDER

AND NOW, this 28th day of March, 2006, upon consideration of Defendants City of

Philadelphia, James Muller, Robert Fox, and John Grubb's Motion To Dismiss Plaintiff's

Complaint With Prejudice (Doc. No. 6), it is ORDERED as follows:

1.   Defendants' Motion is GRANTED IN PART and DENIED IN PART, consistent

     with the attached Memorandum.

2.   Plaintiff shall properly serve Defendants with a copy of the Amended Complaint

     and summons within twenty (20) days of the date of this Order.

3.   The caption in this matter will be amended so that Defendant's name appears as

     "City of Philadelphia," not "City of Philadelphia, Office of Fleet Management."

IT IS SO ORDERED.


                                        BY THE COURT:

                                        /s R. Barclay Surrick
                                        _____
                                        R. Barclay Surrick, Judge